**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LUIS VALDES-MIRO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE and CONSTANCE REESE,

Respondents.

Civil File No. 01-1601 (MJD/JGL)

**REPORT AND RECOMMENDATION**

Luis Valdez-Miro, Federal Correctional Institution, Rochester, Minnesota, 55903, Petitioner, pro se.[1]

Friedrich A. P. Siekert, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415 , for respondents.

JONATHAN LEBEDOFF, United States Magistrate Judge

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket No. 1.) He later filed a motion asking that his petition be dismissed (voluntarily) without prejudice. (Docket No. 9.) The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that Petitioner's motion to dismiss be granted, and that this action be dismissed without prejudice.

## I. BACKGROUND.

Petitioner is an alien who came to this country from Cuba in 1980 as part of the notorious Mariel boatlift. The Immigration and Naturalization Service, ("INS"), allowed

[1] Petitioner was residing at the Federal Correctional Institution in Rochester when he filed this action. It appears that he later left that facility, but he has not provided any new address to the Court.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner to remain in the United States "on parole" for many years, but in 1999 the INS ordered that he be removed from this country due to his extensive criminal record. He was taken into INS custody and detained pending his removal to Cuba. Because the INS has been unable to send removable aliens back to Cuba, Petitioner evidently believed that he would remain in INS custody indefinitely.

Petitioner was being held by the INS at the Federal Correctional Institution in Rochester, Minnesota, when he filed his present application for habeas corpus relief. Citing the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner has argued that there is no reasonable probability that the INS will be able to successfully remove him to Cuba at any time in the foreseeable future, and that he is therefore entitled to a writ of habeas corpus that would cause him to be released from custody. See Borerro v. Aljets, 178 F.Supp.2d 1034 (D.Minn. 2001) (granting habeas corpus relief pursuant to Zadvydas to a Cuban alien facing indefinite INS detention). Respondents have filed a response to the petition, contending that Petitioner is not eligible for habeas relief under Zadvydas (or otherwise). (Docket Nos. 6 and 7.)

After Respondents filed their opposition papers, Petitioner filed his present motion for voluntary dismissal. According to Petitioner's motion, he has been (or at least he expected that he soon would be) released from custody under a procedure know as the "Cuban Review Plan."[2] Petitioner is suggesting that he no longer needs a writ of habeas corpus, and that his current petition should therefore be dismissed without prejudice. The Court agrees.

2 The Cuban Review Plan is an administrative procedure by which the INS periodically reviews the status of removable Cuban aliens. If an alien meets certain INS criteria, then the INS may release him from detention.

## II. DISCUSSION

Because Respondents have already filed a response to the petition, Petitioner can voluntarily dismiss this action only if the Court allows him to do so. Fed. R. Civ. P. 41(a). "Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984). In exercising that discretion, a court must consider several factors, including the reasons for the request, the timing of the request, and most importantly, the potential prejudice to the defendant(s). Id.; Palace v. City of Duluth, 826 F.2d 780, 782-83 (8th Cir. 1987). It should be noted, however, that "'prejudice in this context [means] something other than the necessity that defendant might face of defending another action." Kern, 738 F.2d at 970. In other words, a motion seeking a voluntary dismissal without prejudice should not be denied simply because the defending party might have to defend itself again later.

In this case, there is a very good reason for allowing Petitioner to voluntarily dismiss his habeas corpus petition. The only relief that Petitioner has requested in his petition is release from custody. If Petitioner has already been released from custody, as his motion to dismiss clearly implies, then his habeas corpus petition is moot.

Furthermore, Respondents have not objected to Petitioner's request to voluntarily dismiss his petition, and the Court cannot find any meaningful prejudice that would result from such a dismissal. It also should be noted that the Court has not yet considered the merits of the petition, so a dismissal of the case at this stage will not result in any significant waste of judicial resources.

With these matters in mind, the Court concludes that Petitioner's motion to voluntarily dismiss his petition without prejudice should be granted.

## III. RECOMMENDATION.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's motion for voluntary dismissal, (Docket No. 9), be **GRANTED**; and

(2) this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 26, 2002

JONATHAN LEBEDOFF
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 15, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.